[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Progressive Insurance Company argues, in its motion for summary judgment as to count five of the complaint, that the plaintiff, Wilda Wongsarochana, has no viable claim of recovery for uninsured motorist benefits under her brother's resident relative policy provided by Progressive.[1] The court denies the defendant's motion for summary judgment.
The following facts are undisputed. On April 4, 1999, the plaintiff, Wilda Wongasarochana, a New York resident, was a passenger in a motor vehicle owned by one defendant, Peter Braid, traveling east on I-95. Braid and Wongsarochana then collided into another defendant's, Peter Kitmiridis, motor vehicle. Kitmiridis had stopped his vehicle and was blocking the two lefthand lanes (apparently due to the driving of an unidentified motorist). As a result of the collision, the plaintiff suffered serious injuries. The plaintiff brought the current action against Kitmiridis, Braid, Allstate Insurance and Progressive. The plaintiff claims that she is entitled to recover uninsured motorist benefits under Braid's policy, uninsured benefits as a named insured under her own New York state policy with Allstate, and uninsured benefits under her brother's New York resident relative policy with Progressive.
General Statutes § 38a-336 (d) provides in relevant part: "If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is a named insured shall be secondary. All other applicable policies shall be excess." The Connecticut Supreme Court has stated that this provision "establishes the priority of multiple uninsured motorist policies by providing that the policy of the host motor vehicle is primary, the policy under which the occupant is a named insured is secondary, and all other policies for which the occupant may be an CT Page 15334-hs insured, such as a resident relative, are excess." Sandor v. NewHampshire Insurance Co., 241 Conn. 792, 801, 699 A.2d 96 (1997).
Applying the above rule to the present facts, the priority of uninsured motorist benefits is as follows: Braid's Allstate policy is primary, the plaintiff's Allstate policy is secondary, and the Progressive policy is excess.
Although the plaintiff's Allstate policy and her brother's Progressive policy provide the same amount of uninsured motorist coverage, the priority of each policy is different. Moreover, neither the Progressive policy nor § 38a-336 (d) explicitly state whether the plaintiff would be able to recover under both policies.[2] An issue of fact remains as to what extent each policy is liable to the plaintiff for uninsured motorist benefits.
Accordingly, because a genuine issue of material fact remains unresolved, Progressive Insurance Company's motion for summary judgment is denied.
BY THE COURT
 ___________________ D'ANDREA, J.T.R.